UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ROBERT J. DAVIS** | **CIVIL ACTION NO. 14-0084** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **TIMMY DUCOTE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is a civil rights action brought by *pro se* Plaintiff Robert J. Davis, pursuant to 42 U.S.C. § 1983, based on alleged violations of his First Amendment right to practice his Islamic faith. Plaintiff, who is a prisoner currently incarcerated at the Jackson Parish Correctional Center ("JPCC"), has asserted certain claims against Warden Timmy Ducote, Chaplain Marvin Denton, and Jackson Parish Sheriff Andy Brown.

After having conducted an initial review, Magistrate Judge Karen L. Hayes issued a Memorandum Order [Doc. No. 15] directing service of process on Defendants. Additionally, the Memorandum Order directed Defendants, once served, to address the issue of exhaustion of administrative remedies.

However, based on Magistrate Judge Hayes' Memorandum Order, Plaintiff has filed the instant motion for recusal [Doc. No. 17]. Plaintiff accuses Magistrate Judge Hayes of having a "personal and judicial bias" because "direct[ed]" Defendants to file a motion for summary judgment on the issue of exhaustion. *Id.* He argues that Judge Hayes raised an affirmative defense for Defendants when Defendants had waived the issue.

First, the Court notes that Plaintiff improperly asserts that Defendants have waived any defense, including exhaustion, when they have not yet been served,[1] and the deadline for filing an answer has not yet passed. Second, the memorandum order which Magistrate Judge Hayes issued merely directs Defendants to address whether Plaintiff should be required to exhaust his administrative remedies (under JPCC's policies and procedures) and whether he did exhaust his remedies. The memorandum order further authorizes Defendants to take one of two actions if they contend that Plaintiff was required to and failed to exhaust his administrative remedies: (1) file a motion for summary judgment or (2) file a motion for evidentiary hearing if the facts relating to exhaustion are in dispute. Nothing about Magistrate Judge Hayes' standard order indicates that she has a personal or judicial bias against Plaintiff. Accordingly,

IT IS ORDERED that Plaintiff's motion for recusal [Doc. No. 17] is DENIED.

MONROE, LOUISIANA, this 24th day of April, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[1] The order directing service and the issuance of summons were filed on April 23, 2014, so it is doubtful that Defendants have been served a day later, on April 24, 2014. Even if they have already been served (which the Court cannot determine from the record), the deadline for filing their answer has not yet passed.