UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **ROBERT J. DAVIS** | * | CIVIL ACTION NO.   14-0084 |
| **VERSUS** | * | JUDGE ROBERT G. JAMES |
| **WARDEN TIMMY DUCOTE, ET AL.** | * | MAG. JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

Before the court is a motion for temporary restraining order and preliminary injunction [doc. # 25] filed by plaintiff pro se Robert J. Davis.  The motion is opposed.  [doc. # 33]. Pursuant to Standing Order 3.311 and 28 U.S.C. § 636(b)(1)(B), the District Court referred the motion to the undersigned magistrate judge for report and recommendation.  For reasons explained below, it is recommended that the hybrid motion be DENIED.

Background

On January 15, 2014, Robert J. Davis, an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"),  filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 against various officials/officers at the Jackson Parish Correctional Center ("JPCC"), where he was then housed.

On January 30, 2014, Davis re-filed his complaint (this time using court-supplied forms), wherein he alleged that defendants – JPCC Warden Ducote, Chaplain Denton, Sheriff Brown, and LDOC Secretary LeBlanc – had violated and were continuing to violate his First Amendment rights to freedom of religion by denying him and his fellow Muslim inmates the right to perform their religious obligations as prescribed by the *Qur'an* and *Sunnah*.  More specifically, Davis complained that he and other Muslims were being:  (1) forced to shave their beards, (2) denied

"religious material" in the form of Islamic literature or books, and, (3) denied the right to wear the traditional Islamic headgear or *Kufi*. He also complained that "Islamic Services (*Jumah* Prayer) is broken up into 2 sections . . ." Thus, he prayed for injunctive relief to redress the foregoing wrongs, and requested a transfer to an LDOC facility that would accommodate his beliefs. [doc. 7].

On May 9, 2014, Davis filed the instant motion for temporary restraining order and preliminary injunction because of harassment and retaliation by various JPCC officials against plaintiff and other Muslim inmates that resulted in the disruption of *Jumah* services. As a result, Davis requested a temporary restraining order against JPCC and its administration to stop the unlawful conduct, together with an injunction ordering Sheriff Brown to transfer plaintiff to another facility.

On May 13, 2014, Davis notified the court that he had been transferred to the Marksville Detention Center. *See* Letter [doc. # 27]. On June 2, 2014, defendants filed a response to the instant motion(s), in which they urged the court to deny the motion(s) because of plaintiff's recent transfer to a different facility. (Opp. Memo. [doc. # 33]). Plaintiff did not file a reply, and the time to do so has long since lapsed. *See* Notice of Motion Setting [doc. # 26]. Accordingly, the matter is ripe.

## **Analysis**

To obtain a preliminary injunction or temporary restraining order ("TRO"),[1] the movant must establish:

---

[1] A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Cockrum v. Carter*, Civ. Action No. 13-5329, 2014 WL 1330185 (E.D. La. Apr. 3, 2014) (citation omitted). Thus, the applicable standards for the two devices are substantively the same. *Id*.

      (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009) (citation omitted).

The grant of injunctive relief is an extraordinary remedy which requires the movant to unequivocally demonstrate the need for its issuance. *Valley v. Rapides Parish Sch. Bd.*, 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).

      Given that plaintiff no longer resides at the JPCC, the court does not discern any imminent threat of irreparable injury that will befall him in the absence of an injunction. Accordingly, the court is compelled to find that plaintiff has not satisfied the exacting standard required to support injunctive relief against officials at his former place of confinement.

## Conclusion

      For the above-assigned reasons,

      IT IS RECOMMENDED that the motion for temporary restraining order and preliminary injunction [doc. # 25] filed by plaintiff pro se Robert J. Davis be DENIED.

      Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

      **A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 28th day of July 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE