UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| ROBERT J. DAVIS | CIVIL ACTION NO. 14-0084 |
| VERSUS | JUDGE ROBERT G. JAMES |
| WARDEN TIMMY DUCOTE, ET AL. | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for want of prosecution, [doc. # 45], filed by Defendants Timmy Ducote and Marvin Denton.[1] Plaintiff does not oppose the Motion. For reasons set forth below, it is recommended that the Motion be **GRANTED**.

Background

On January 15, 2014, Robert J. Davis, an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), filed the instant *pro se* civil rights Complaint under 42 U.S.C. § 1983 against various officials at the Jackson Parish Correctional Center ("JPCC"), where he was then housed.

On January 30, 2014, Davis re-filed his Complaint (this time using court-supplied forms), wherein he alleged that Defendants – JPCC Warden Ducote, Chaplain Denton, Sheriff Brown, and LDOC Secretary LeBlanc – violated and were continuing to violate his First Amendment right to freedom of religion by denying him and his fellow Muslim inmates the right to perform

---

[1] Defendant Andy Brown does not move for dismissal. Nevertheless, the Court will allow Defendant Brown to benefit from the moving Defendants' partially successful Motion. *Cf. Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2011) (allowing non-appearing defendants to benefit from the appearing defendants' favorable summary judgment motion because it would be incongruous "to allow some defendants to prevail while not providing the same benefit to similarly situated defendants.").

their religious obligations as prescribed by the *Qur'an* and *Sunnah*. More specifically, Davis complained that he and other Muslims were being: (1) forced to shave their beards, (2) denied "religious material" in the form of Islamic literature or books, and (3) denied the right to wear the traditional Islamic headgear or *Kufi*. He also complained that "Islamic Services (*Jumah* Prayer) is broken up into 2 sections . . . ." Thus, he prayed for injunctive relief to redress the foregoing wrongs, and he requested a transfer to an LDOC facility that would accommodate his beliefs. [doc. # 7].

On May 13, 2014, Plaintiff notified the Court that he had been transferred to the Marksville Detention Center. [doc. # 27]. On May 22, 2014, the Clerk of Court attempted to mail Plaintiff a letter to his new address to inform him that he failed to pay the fee to perfect his notice of appeal. [doc. # 36, p. 1]. However, on June 11, 2014, the United States Postal Service ("USPS") returned the mailing because it was "unable to forward" it to Plaintiff. [doc. # 36]. On August 6, 2014, the Court issued an Order granting Defendants' Motion for leave to take Plaintiff's deposition. [doc. # 40]. On August 13, 2014, after the Clerk of Court attempted to mail the Order to Plaintiff, the USPS returned the mailing as undeliverable. [doc. # 43].[2]

Defendants filed the instant Motion on September 11, 2014. [doc. # 45]. Counsel for Defendants avers that he spoke "to the Director of Corrections for the Avoyelles Parish Sheriff's Office and learned that [Plaintiff] had been shipped out of parish." *Id.* at 2. Counsel avers further that he attempted to propound Interrogatories and Requests for Production of Documents, but the USPS returned them because Plaintiff "had been shipped." *Id.*

---

[2] According to the Louisiana Offender Locator System, Plaintiff is currently participating in the Terrebonne Parish Work Release Program. TELEPHONE CALL TO THE OFFENDER LOCATOR SYSTEM, October 23, 2014.

Defendants argue that Plaintiff's actions "have made it impossible to complete discovery and to prepare [the] matter for trial. *Id.* They contend that Plaintiff has failed in his duty to keep them, as well as the Court, apprised of his current address. *Id.* As a result, they seek dismissal with prejudice for want of prosecution. *Id.*

The matter is now before the Court.

## Law and Analysis

Federal Rule of Civil Procedure 41(b) authorizes courts to dismiss an action if a plaintiff fails to diligently prosecute his case. This authorization "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Similarly, Local Rule 41.3 states that "[t]he failure of . . . a pro se litigant to promptly notify the court in writing of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days." Exercise of the power to dismiss is ultimately committed to the sound discretion of the district courts. *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

On September 12, 2014, the Court attempted to mail Plaintiff a "Notice of Motion Setting Without Date" to inform him of the deadline for responding to the instant Motion. [doc. # 46]. However, the USPS returned the mailing to the Clerk of Court over five months ago, noting that it was "unable to forward." [doc. # 52]. Despite affirming in his *pro se* Complaint that he understood that his failure to apprise the Court of his correct address would result in dismissal, [doc. # 7, p. 4], Plaintiff has yet to provide the Court with a new address, telephone number, or other means of contact.

3

By failing to provide the Court with his correct address and telephone number, Plaintiff has prevented the Court, as well as Defendants, from communicating with him and expediting the resolution of these proceedings. This failure, along with his failure to cooperate in discovery, demonstrates that Plaintiff has lost interest in pursuing the lawsuit. Accordingly, dismissal for failure to prosecute is warranted.

However, dismissal at this time will probably result in the loss of the cause of action due to prescription. In other words, the applicable statute of limitations will probably bar Plaintiff from re-filing the instant suit. Thus, dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal *with prejudice* is only "appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, . . ., and when lesser sanctions would not serve the best interests of justice." *Bryson v. U.S.*, 553 F.3d 402, 403 (5th Cir. 2008) (citation and internal quotation marks omitted). Generally, a court must find one or more of the following aggravating factors to dismiss an action with prejudice: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Berry*, 975 F.2d at 1191.

Here, the requirements for dismissal with prejudice are satisfied. As discussed above, Plaintiff has ignored a Rule of this Court by failing to keep the Court apprised of his current whereabouts. Further, he has made no attempt to contact the Court since May 13, 2014, a period of over 5 months. [*See* doc. # 27]. Since Plaintiff is proceeding *in forma pauperis*, it is unlikely

that he enjoys sufficient means to fund an alternative monetary sanction.[3] Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that Plaintiff no longer wishes to pursue his cause of action. Finally, Plaintiff's failure to abide by Court rules must be personally attributable to him as a *pro se*[4] litigant.[5]

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss, [doc. # 45], be **GRANTED** and that Plaintiff's Complaint, [doc. # 7], be **DISMISSED WITH PREJUDICE** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS**

---

[3] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[4] "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

[5] This report and recommendation provides Plaintiff with further notice of his non-compliance

**REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 24th day of October, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE